**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARVIN CROWDER | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO.  06-3788 |
| JOHN J. ASTRUE | : | |
| Commissioner of Social Security | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

August 10, 2007

**I.     INTRODUCTION**

Before us for a Report and Recommendation are plaintiff's Motion for Summary Judgment and Brief in Support of Request for Review (Doc. No. 9), defendant's Response to Plaintiff's Request for Review (Doc. No. 10), and plaintiff's Reply Brief (Doc. No. 12).  Plaintiff has raised several issues pertaining to the Administrative Law Judge's ("ALJ") evaluation of his mental impairments and by this motion seeks benefits or alternatively, a remand.  In particular, plaintiff asserts that the ALJ failed to properly evaluate his mental health limitations, to properly consider his testimony, and to pose a proper hypothetical to the vocational expert.  Defendant asserts that the decision of the ALJ is supported by substantial evidence.  For the reasons set forth below, we **RECOMMEND** that plaintiff's motion (Doc. No. 9) be **GRANTED IN PART AND DENIED IN PART,** that the Commissioner's motion (Doc. No. 10) be **DENIED,** and that the matter be **REMANDED** to the Commissioner for further proceedings consistent with this Report and Recommendation.

**II.    PROCEDURAL HISTORY**

On July 17, 2003 plaintiff Marvin Crowder ("plaintiff" or "claimant") applied for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") 42 U.S.C. §§ 401-433 alleging disability as of May 31, 2002 due to hypertension, depression and post traumatic stress disorder. (Tr. 39-41). Plaintiff's claim was denied through the administrative process, including a hearing before ALJ William J. Reddy. (Tr. 4-6; 12-14; 15-21; 29-31; 407-427). Crowder requested review of the ALJ's decision on February 7, 2005. (Tr. 10-11). The Appeals Council declined review on June 23, 2006 (Tr. 4-6) and plaintiff appealed to this Court.

**III.   STANDARD OF REVIEW**

This Court has plenary review of legal issues, but considers the ALJ's factual findings to determine whether they are supported by substantial evidence. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). If the ALJ's conclusion is supported by substantial evidence, this Court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *see* 42 U.S.C. § 405(g).

**IV.    THE DECISION UNDER REVIEW**

In evaluating Crowder's eligibility for benefits, the ALJ followed the familiar five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that

plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 16; 20 Finding No. 21). At steps two and three the ALJ found plaintiff's "hypertension, depression, and post traumatic stress disorder" to be severe, but also found that they were not severe enough to meet or medically equal any of the listed impairments. (Tr. 16-17; 21 Finding Nos. 3,4); 20 C.F.R. Appendix 1 to Subpart P of Part 404. At step four, the ALJ concluded that plaintiff could perform his past relevant work having the RFC "to perform a range of unskilled, medium exertional work . . . in a work environment requiring the execution of routine, non-complex tasks." (Tr. 17-18; 21 Finding No. 7). With the benefit of testimony from a vocational expert ("VE") and considering the record as a whole, the ALJ concluded at step five that plaintiff was able to perform work that existed in significant numbers in the national economy. (Tr. 20; 21 Finding No. 8). Accordingly, benefits were denied.

V.   DISCUSSION

Plaintiff contends that the ALJ erroneously found him not to be disabled. He sets out three specific arguments as to why the ALJ's determination was legally and factually erroneous. The Commissioner argues that there is no legal error and that the ALJ's determination is supported by substantial evidence. Upon consideration of the record and the documents before us, we find that because the ALJ failed to properly evaluate plaintiff's mental health limitations and also failed to pose a proper hypothetical to the vocational expert ("VE") the case must be remanded. We address each of plaintiff's arguments below in the order in which they were raised.

A.   The ALJ's Discussion of Evidence

Relying on Third Circuit case law, plaintiff argues that the ALJ erred by failing to "analyze all of the evidence in the record and provide an adequate explanation for disregarding evidence."

(Pl.'s Brief at p. 8; Pl.'s Reply at p. 2). Specifically, plaintiff alleges that the ALJ failed to discuss medical evidence of depression and post traumatic stress disorder ("PTSD"). The medical evidence which the plaintiff specifically points to in his brief is limited to the discussion of Ms. Nina Chuchyla's assessment and Global Assessment of Functioning ("GAF") scores contained in the record.[1] Defendant responds that the ALJ did not err because he properly discussed this evidence. (Def.'s Brief at pp. 3-12). We agree with plaintiff and conclude that the ALJ's decision is not supported by substantial evidence to the extent that he has failed to undertake a proper analysis of the GAF scores that appear in the record.

          1.      *The ALJ's Discussion of Nina Chychula's Assessment*

First, plaintiff argues that the ALJ failed to properly discuss the mental impairment assessment of Ms. Nina Chychula who was identified as plaintiff's treating medical provider. (Pl.'s Brief at pp. 6-8; 9-10; Pl.'s Reply at pp. 4-5). Defendant argues that the ALJ was not required to afford substantial weight to Ms. Chychula's assessment in that she was not an acceptable medical source and her opinion was not supported by the record. (Def.'s Brief at pp. 9-12).

We agree with defendant and conclude that the ALJ's determination that she was not an

---

[1] It is unclear whether plaintiff also alleges that the ALJ failed to consider medical evidence of substance abuse and hypertension. However, we are satisfied that the ALJ considered all relevant and probative evidence concerning these impairments. The ALJ specifically referenced all relevant and probative evidence regarding substance abuse including evidence of rehabilitation, detoxification, treatment, and remission since August 2003. (Tr. 16-17). Additional evidence in the record concerning Crowder's drug and alcohol addiction, including several negative drug screens between the months of January and June 2004, corroborates the ALJ's finding that claimant's drug and alcohol addiction was not severe and is not probative with respect to the questions claimant raises. (Tr. 285-286). With regard to hypertension, the ALJ weighed all relevant and probative evidence by referring to the consultative examination undertaken by Charles Johnson, Psy.D and examinations undertaken by doctors and nurses at the Veterans Hospital over a period of almost two years which establish that claimant's blood pressure readings were almost always normal and that his hypertension did not meet the Listings.

4

"acceptable medical source" is supported by substantial evidence. We further conclude that even if it was not, her opinion as to plaintiff's impairments was not supported in the record.

          i.         Acceptable Medical Sources

In a claim for Social Security benefits, "acceptable medical sources" are the only sources who can establish the existence of an impairment. 20 C.F.R. § 404.1513(a). For the purpose of establishing the existence of mental impairments, "acceptable medical sources" are limited to licensed physicians and licensed or certified psychologists. 20 C.F.R. § 404.1513(a). Evidence derived from any individual other than an "acceptable medical source" may be used, but only to show the severity of an impairment and how it affects claimant's ability to work. 20 C.F.R. § 404.1513(d)(1). In determining what weight to give evidence that is not derived from "acceptable medical sources," the ALJ has substantial discretion and is permitted to consider any inconsistencies found within the record. *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005). Where evidence derived from a source that is not an "acceptable medical source" is inconsistent with the record as a whole, it is well within the ALJ's discretion to assign limited weight to that inconsistent evidence. *Watson v. Barnhart*, No. 06-0565, 2006 U.S. Dist. LEXIS 74578, at *7 (E.D. Pa. Oct 13, 2006).

The ALJ highlighted the uncertainty reflected in the record regarding Ms. Chychula's qualifications by stating that he noted that "the nurse, Nina M. Chychula . . . has a Ph.D., but the record does not definitively specify that Ms. Chychula's doctorate is in psychology or that she is a licensed psychologist." (Tr. 17). While the manner in which she signs her name, "Nina M. Chychula PhD CRNP," (Tr. 381) indicates that she is a certified registered nurse practitioner and has a Ph.D., nothing in the record helps to explain her exact qualifications or determine whether or not

she is an acceptable medical source.[2] While the lack of information in the record concerning Ms. Chychula's qualifications left the ALJ uncertain as to whether the she was an acceptable medical source, he considered her findings as if she were and concluded that the lack of support for her opinion and the inconsistency with the record as a whole warranted a significant reduction in the weight assigned to her opinion. We believe this conclusion was supported by substantial evidence.

ii.     Inconsistency With The Record

If any of the evidence in a claimant's case record is inconsistent with other evidence, the ALJ must weigh all of the evidence and see whether he can determine if a claimant is disabled based upon the evidence before him. 20 C.F.R. § 404.1527(c)(2). He may reject inconsistent medical evidence *Williams v. Sullivan*, 970 F.2d 1178, 1187 (3d Cir. 1992), and when such inconsistency exists, he may choose to discredit the medical source as long as he gives appropriate reasons which are supported by the record for doing so. *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993).

As the ALJ noted (Tr. 17), Ms. Chychula's diagnosis of "major depression" (Tr. 381) is inconsistent with the diagnosis of claimant's treating psychiatrist, Wayne Barber M.D., who diagnosed claimant with "depression not otherwise specified ("NOS")" (Tr. 342), and consultive psychologist Charles Johnson, Psy.D, who diagnosed claimant with dysthymic disorder. (Tr. 249). Ms. Chychula's diagnosis of "major depression" is inconsistent with these diagnoses in that "major depression" is characterized by more severe depressive symptoms than those associated with dysthymic disorder and depression NOS. (American Psychiatric Assn., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* 345, 351, 374 (4th ed. 1997)). Specifically, major depression

---

[2] We acknowledge that defendant's brief notes that she "is a nurse practitioner (certified in family practice and addictions)" with a "Ph.D. in Psychological Studies in Education . . . ." (Def.'s Brief at p. 10). This representation however cannot be considered part of the record for review.

is characterized by symptoms such as clinically significant distress and impairment in important areas of functioning while dysthymic disorder, at its most severe, is characterized by irritability, pessimism, low energy, and low self esteem. (American Psychiatric Assn., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* 351, 377 (4th ed. 1997)). Also inconsistent with a diagnosis of major depression, a diagnosis of depression NOS indicates that the patient is not experiencing the low level symptoms associated with dysthymic disorder and certainly not experiencing the severe symptoms associated with major depression. (American Psychiatric Assn., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* 345, 381 (4th ed. 1997)).

The ALJ also determined that Ms. Chychula's evaluation of plaintiff's limitations was inconsistent with the record as a whole. (Tr. 17). As the ALJ noted, the extreme symptoms of PTSD which were listed by Ms. Chychula including vigilance, scanning, flashbacks and severe panic attacks are not found elsewhere in the record. (Tr. 386). In fact, Dr. Johnson specifically indicated that claimant exhibited no vigilance or scanning and did not experience flashbacks or panic attacks. (Tr. 258). Further, Ms. Chychula reported that claimant experienced pervasive loss of interest in almost all activities, had significant sleep disturbance related to his mental impairments, and avoided others. (Tr. 333; 384). Claimant himself however indicated that he got along well with others and enjoyed watching sports and playing games. (Tr. 105; 122). In addition, nurses at the hospital reported that claimant's sleep was disrupted only occasionally during maintenance and that claimant was quite involved in activities at the hospital such as interacting and socializing with peers and staff. (Tr. 109; 110; 181; 350). We conclude that even if Ms. Chychula is deemed an acceptable medical source, the ALJ's determination to provide minimal weight to her assessment is supported by substantial evidence.

2.  *The ALJ's Discussion of Global Assessment of Functioning Scores*

Plaintiff argues that the ALJ also erred by failing to discuss certain Global Assessment of Functioning ("GAF") scores contained in the record.³ (Pl.'s Brief at pp. 3-7; Pl.'s Reply at pp. 2-4). Defendant argues that the ALJ was not required to specifically reference GAF scores, especially where those scores were inconsistent with evidence of record as they are in this case. (Def.'s Brief at pp. 4-9). We agree with claimant.

Although the ALJ is not required to assign substantial weight to a GAF score which is taken during or soon after a claimant's episode of substance abuse, *Burley v. Barnhart*, No. 04-4568, 2005 U.S. Dist. LEXIS 19803 at *14 (E.D. Pa. Sept 9, 2005), we believe that the weight of authority requires him to at least discuss all GAF scores contained in the record. *Colon v. Barnhart*, 424 F. Supp.2d 805, 813 (E.D. Pa. 2006). *See also Santiago-Rivera v. Barnhart*, 2006 WL 2794189 at *10 (E.D. Pa.) (remanding the case for the ALJ to consider all GAF scores contained in the record regardless of whether or not they were assigned by an acceptable medical source); *Span ex rel. R.C. v. Barnhart* 2004 WL 1535768 at *9 (E.D. Pa.) (finding that an error of law has occurred where the ALJ just mentions the GAF scores contained in the record and does not give his reason(s) for discounting them); *Escardille v. Barnhart*, 2003 WL 21499999 at *7 (E.D. Pa.) (requiring that the ALJ's written opinion evidence that he seriously considered and weighed each GAF score contained in the record). Where the ALJ rejects evidence, he must give some indication of the evidence's existence and his reason(s) for discounting it. *Burnett v. Comm'r of Soc. Sec.* 220 F.3d 112, 121 (3d Cir. 2000). If there is no such indication, "the reviewing court cannot tell if significant probative

---

³ A GAF is a score on a scale of 0 to 100 which reflects the individual's level of psychological, social, and occupational functioning. (American Psychiatric Assn., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* 32 (4th ed. 1997)).

evidence was not credited or simply ignored." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

Our review of the record discloses that the ALJ acknowledged only one of four GAF scores that appear in the record. Specifically, he made no reference to the score of 50[4] recorded by clinical social worker Thomas Marro (Tr. 130), the score of 30[5] recorded by resident Alice Chang (Tr. 368) and the score of 30 recorded by Cabrina Campbell M.D. (Tr. 372). While it appears that some of the lower scores may have been recorded during or soon after claimant's episode of substance abuse and as such would not need to be assigned substantial weight, *Burley v. Barnhart*, 2005 U.S. Dist. LEXIS 19803 at *14, the scores do suggest the presence of significant mental impairment and certainly require the ALJ to provide some indication of their existence and his reasons for discounting them. *Colon v. Barnhart*, 424 F. Supp.2d 805, 813; *Burnett v. Comm'r of Soc. Sec.* 220 F.3d 112, 121. This failure requires a remand so that the ALJ may undertake a proper analysis of all the GAF scores contained in the record.

### B. The ALJ's Evaluation of Crowder's Testimony

Crowder also argues that the ALJ erred in failing to explain why he found claimant's testimony to be exaggerated and not supported by evidence in the record. (Pl.'s Brief at pp. 8-10). Defendant argues that the ALJ made no error in assessing claimant's credibility since he gave

---

[4] A GAF score of 41-50 is indicative of serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or a serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job). (American Psychiatric Assn., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* 34 (4th ed. 1997)).

[5] A GAF score of 21-30 is indicative of delusions or hallucinations or serious impairment in communication or judgment (e.g. sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) or inability to function in almost all areas (e.g. stays in bed all day, no job, home, or friends). (American Psychiatric Assn., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* 34 (4th ed. 1997)).

reasons for doing so which were supported by the record. (Def.'s Brief at pp. 12-14). We agree with defendant.

Under the regulations, it is the ALJ's obligation to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which it is disabling. *Hartranft v. Apfel*, 181 F.3d 358, 362 (citing 20 C.F.R. § 404.1529(c)). Credibility determinations are for the ALJ to make. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983).

Both 20 C.F.R. § 404.1529 and SSR 96-7p discuss the interplay between claimant's symptoms and the objective evidence of record. As explained in SSR 96-7p, the ALJ must make a credibility determination whenever plaintiff's claimed symptoms are not substantiated by objective medical evidence. *See also* 20 C.F.R. § 404.1529(c)(3). However, in recognition of the fact that an individual's symptoms may sometimes suggest a greater level of severity than can be shown by objective evidence, the regulations describe the kinds of evidence that the ALJ must consider when assessing credibility. *Id.*; SSR 96-7p, WL 374186, at *3. Such factors include:

> I) [y]our daily activities; ii) [t]he location, duration, frequency, and intensity of pain or other symptoms; iii) [p]recipitating and aggravating factors; iv) [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; v) [t]reatment, other than medication, you received or have received for relief of pain or other symptoms; vi) [a]ny measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and vii) [o]ther factors concerning your functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see also* SSR 96-4p, 1996 WL 3741876 at *2 (the ALJ must consider plaintiff's allegations about the intensity and persistence of her symptoms in conjunction with medical evidence); SSR 96-9p 1996 SSR LEXIS 6, at *3 (in assessing RFC, the ALJ must consider related symptoms that may

affect plaintiff's ability to do work). Finally, the ALJ's decision must contain specific reasons for his or her credibility determination. SSR 96-7p, WL 374186, at *2.

Here, the ALJ specifically referenced 96-7p and 20 C.F.R. § 404.1529, and identified the factors which he considered in making his credibility determination as "claimant's prior work record, observations by treating physicians, precipitating and aggravating factors of the symptoms, the use of medication and other methods for relief of symptoms, functional restrictions, and daily activities." (Tr. 19). The ALJ then considered claimant's daily activities, referencing claimant's sweeping the steps, shopping at the corner store, and traveling to therapy, counseling and yoga sessions. The ALJ noted that the record indicated that the side effects claimant experienced as a result of his medication were alleviated by meditation and yoga sessions. The ALJ also stated that when claimant followed his own treatment plan and took his prescribed medication, his symptoms of depression and PTSD were not debilitating. (Tr. 19-20). The ALJ noted that there were few, if any, references in the record to debilitating nightmares, flashbacks, or panic attacks and that claimant's activities suggested that any reports of isolation and withdrawal were inconsistent with the record. Having considered all of this evidence, the ALJ concluded that Crowder's complaints of debilitating nightmares, flashbacks, and panic attacks were exaggerated and not supported by evidence in the record. (Tr. 20). Upon consideration of the record as a whole, we conclude that this analysis of claimant's credibility was proper and that the ALJ's conclusion is supported by substantial evidence.

C.   The Hypothetical Posed to the Vocational Expert

Crowder complains that the hypothetical question which the ALJ posed to the vocational expert ("VE") was flawed in that it failed to reflect all of his impairments. (Pl.'s Brief at pp. 10-12; Pl.'s Reply at pp. 5-6). Defendant responds that the ALJ made no error in assessing claimant's RFC.

(Def.'s Brief at p. 14). We agree with claimant.

The hypothetical posed to the VE was:

> If you had a hypothetical individual who was limited to medium exertional level work, who would have Mr. Crowder's age of 52, a twelfth grade education, and the past work experience that you just described. In addition, this hypothetical individual would be limited to just routine non-complex tasks. Would the past semi-skilled work at the light exertional level as the file clerk and caterer's helper be precluded by the limitation to just routine or non-complex tasks?

(Tr. 424-425).

In questioning the VE about what jobs a claimant would be able to perform, the ALJ must pose a hypothetical that reflects all of a claimant's impairments that are supported by the record. If he fails to do so the question is deficient and the VE's response cannot be considered sufficient to support a claim denial based upon substantial evidence. *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2003); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). While the ALJ is not required to submit to the VE "every impairment *alleged* by a claimant," the ALJ must "accurately portray" to the VE all of a claimant's credibly established limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (emphasis in original). In *Ramirez*, the Third Circuit explained that limiting claimant to simple repetitive one to two-step tasks in the hypothetical was not sufficiently descriptive to encompass the ALJ's own findings concerning claimant's limitations in concentration, persistence and pace. 372 F.3d at 554-555. *See Barry v. Barnhart*, No. 05-1825, 2006 U.S. Dist. LEXIS at 71918, * 30-31 (E.D. Pa. Sept 29, 2006) (holding that since limitations that occurred "often" in *Ramirez* were supported by the record, limitations that are moderate are also supported by the record because the words "often" and "moderate" each occupy the middle category with respect to the degree of the limitation and are therefore synonymous); *Cornona v. Barnhart*, 431 F. Supp.2d 506,

516-17 (E.D. Pa. 2006) (hypothetical question was deficient since it did not include moderate mental limitations found by the ALJ); *Steininger v. Barnhart,* 04-5383, 2005 U.S. Dist. LEXIS 18290, at *9-12 (E.D. Pa. Aug. 24, 2005) (holding that ALJ's hypothetical was deficient and the VE's answer to it did not support a claim denial based upon substantial evidence because the hypothetical failed to include the ALJ's own determination that plaintiff had moderate limitations in concentration, persistence, and pace); *cf. McNatt v. Barnhart*, No. 05-706, 2006 U.S. Dist. LEXIS 86215, at *37 (D. Del. Nov. 28, 2006) (ALJ's hypothetical to the VE was proper where it included mild to moderate limitations supported by the record).

Here, the question that the ALJ posed to the VE is deficient because limiting plaintiff to "routine non-complex tasks" did not take into account the ALJ's own observation (Tr. 18) that plaintiff had a moderate limitation in concentration, persistence and pace. *Ramirez*, 372 F.3d at 554. Clearly the *Rutherford* requirement that all credibly established limitations be conveyed to the VE in the hypothetical is not satisfied where the ALJ fails to include reference to these limitations. 399 F.3d at 554. Accordingly, we recommend that the case be remanded so that the ALJ can undertake a proper mental RFC determination of plaintiff and convey plaintiff's credibly established limitations in the hypothetical question to the VE.

## VI.  CONCLUSION

Upon careful and independent consideration of the record before us, we conclude, for the reasons set out above, that the matter requires reconsideration by the ALJ. We therefore recommend that the Commissioner's motion for summary judgment be denied, and plaintiff's motion be granted in part and the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## RECOMMENDATION

**AND NOW**, this 10th day of August, 2007, it is respectfully **RECOMMENDED** that plaintiff's motion for summary judgment (Doc. No. 9) be **GRANTED IN PART AND DENIED IN PART,** that the Commissioner's motion for summary judgment (Doc. No. 10) be **DENIED,** and that the matter be **REMANDED** to the Commissioner for proceedings consistent with this Report and Recommendation.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE